IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SILVIA LEE MILBURN,

    Plaintiff,

v.

CITY OF LEBANON, a municipality,

    Defendant.

Case No. 6:16-cv-00435
OPINION AND ORDER

---

Geordie L. Duckler
Geordie Duckler, LLC
9397 S.W. Locust St.
Tigard, OR 97223
    Attorney for plaintiff

Gerald L. Warren
Law Office of Gerald L. Warren and Associates
901 Capitol St. N.E.
Salem, OR 97301
    Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Silvia Milburn brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 against defendant City of Lebanon. Plaintiff was acquitted in Linn County Circuit Court of animal abuse following a conviction for the same crime in Lebanon Municipal Court.[1] After plaintiff's initial conviction, defendant allowed the dog to be adopted by a new owner. When plaintiff was acquitted and demanded defendant return the dog, defendant refused. Plaintiff alleges defendant's failure to return the dog violates her constitutional right to due process. Defendant moved for dismissal for failure to state a claim. For the reasons set forth below, defendant's motion is granted and plaintiff is given leave to amend her complaint. Plaintiff is further advised that principles of abstention prevent this court from providing her the remedies she seeks while state court proceedings are unresolved.

## FACTS

On September 13, 2013, a Lebanon police officer removed plaintiff's dog, "Sam," from her possession. Compl. ¶ 7 (doc. 1). Plaintiff was later convicted of misdemeanor animal abuse in Municipal Court for the City of Lebanon on April 9, 2014. *Id.* ¶ 9. Plaintiff immediately filed a notice of appeal to Linn County Circuit Court and moved to stay the sentence. *Id.* The municipal court declined to stay the sentence. Mot. to Dismiss at 2-3 (doc. 8). While the appeal was pending, defendant gave the dog to an animal shelter; the dog was adopted on April 27, 2014. *Id.* at 3.

On June 18, 2015, plaintiff was acquitted of the animal abuse charge in a second trial in Linn

---

[1] Oregon law provides criminal defendants in some municipal courts, including defendant's, an appeal as of right to a county circuit court. While the appeal does not vacate the municipal conviction, the county court trial is a *de novo* proceeding. *See* Or. Rev. Stat. § 221.359; *City of Eugene v. Smyth*, 243 P.3d 854, 857 (Or. Ct. App. 2010).

County Circuit Court. Compl. ¶ 12. On September 14, 2015, the Linn County Circuit Court ordered defendant to return the dog to plaintiff. *Id.* ¶ 14. The court denied defendant's motion for reconsideration and request for a discretionary stay. *Id.* ¶¶ 15-16. On plaintiff's motion, the court again ordered defendant to return the dog in a peremptory writ of mandamus on April 14, 2016. Decl. Gerald Warren Ex. 1 9-10 (doc. 9-1). An appeal of the September 14, 2015 order is pending in the Oregon Court of Appeals. *Id.* at 11. Plaintiff does not have custody of the dog.

Plaintiff alleges defendant's actions violate her constitutional rights to procedural due process. Compl. ¶ 20. Plaintiff seeks monetary damages, court costs, and an injunction ordering the return of her dog. *Id.* at 7. Defendant moved to dismiss for failure to state a claim.

## ANALYSIS

I. *Abstention*

### A. *Standards*

Federal courts have an obligation to exercise the jurisdiction afforded to them, and the simple pendency of a parallel state court proceeding should not prevent the federal court from rendering a decision. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989). However, a federal court may decline to exercise jurisdiction when there are related, pending state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)). When important state interests are at stake in an ongoing state proceeding, "a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal quotation marks omitted). The Ninth Circuit, applying the three "*Middlesex* factors," finds

Page 3 - OPINION AND ORDER

abstention to be appropriate when "(1) there is an ongoing state judicial proceeding, (2) those proceedings implicate state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (quoting *Middlesex*, 457 U.S. at 432) (internal quotation marks omitted). The Ninth Circuit considers an additional "implied fourth requirement[:] that the federal court action would enjoin the [state] proceeding, or have the practical effect of doing so." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (internal quotations marks omitted). State courts are competent to adjudicate federal constitutional claims, and "the only relevant question . . . is whether the state proceedings afford an adequate opportunity to raise the constitutional challenge[.]" *Gilbertson v. Albright*, 381 F.3d 965, 972 (9th Cir. 2004).

Comity is the vital consideration informing the abstention doctrine. *Id.* at 975. Therefore, federal courts should abstain from actions that "implicate any important state interests vital to the operation of state government." *Potrero Hills*, 657 F.3d at 883. Abstention is called for when there are pending state criminal proceedings or "when the state seeks to enforce a law of significant state importance through judicial or quasi-judicial action[.]" *Id.* at 884.

B. *Discussion*

Based on defendant's opening brief to the Oregon Court of Appeals (doc. 9-4), the question before the court is whether the municipal court had authority to order the dog to be forfeited after plaintiff filed a notice of appeal. Defendant argues that the municipal court could lawfully sentence plaintiff, to include ordering forfeiture of the dog, regardless of plaintiff's notice of appeal. Oregon courts are courts of general jurisdiction and can consider plaintiff's statutory as well as federal constitutional arguments. *See, e.g., Stogsdill v. Bd. of Parole and Post-Prison Supervision*, 154 P.3d

91, 93 (Or. 2007).

The *Middlesex* factors clearly counsel in favor of abstention. First, a challenge to the September 2015 order is pending before the Oregon Court of Appeals. Given that the instant civil rights claim was filed in March 2016, the first factor is satisfied. The third factor also weighs in favor of abstention, as plaintiff has given this Court no reason to believe she is precluded from raising federal constitutional arguments in the Oregon Court of Appeals.

The second factor, whether the pending state action implicates important state interests, also supports abstaining. Jurisdictional and statutory interpretation questions, as well as questions about the constitutionality of state laws, are intricately related to "a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc.*, 134 S.Ct. at 588. Allowing the Oregon courts to reach a final judgment on the dispute between these parties will best promote comity.

C. *Conclusion*

The doctrine of abstention prevents this Court from providing the relief plaintiff seeks while state proceedings are pending. However, this finding does not completely resolve the motion to dismiss as "an abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue." *Gilbertson*, 381 F.3d at 975. The analysis thus turns to the disposition of defendant's motion to dismiss.

II. *Motion to Dismiss for Failure to State a Claim*

A. *Standards*

When considering a motion to dismiss, a court construes a complaint in favor of the plaintiff and takes all factual allegations as true. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

Page 5 - OPINION AND ORDER

suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility requires a plaintiff to plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

B. *Discussion*

Plaintiff contends defendant's refusal to return her dog deprives her of property without due process of law, in violation of the Fourteenth Amendment. Compl. ¶ 20. Specifically, plaintiff alleges a violation of her procedural due process rights, as well as "rights of possession of personal property in violation of Amendments IV and V, as applied to defendant City's actions under color of state law through Amendment XIV of the United States Constitution." *Id.* ¶ 21. Plaintiff also alleges the refusal to return the dog is attributable to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [defendant's] officers, and/or is the result of defendant's custom." *Id.* ¶ 24. Likewise, plaintiff alleges the deprivation of her rights "was the result of an official policy or custom made by defendant lawmakers or by those whose edicts or acts may fairly be said to represent defendant's official policy." *Id.* ¶ 25. Defendant responds by citing *Parrat v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), for the proposition that "even unauthorized deprivations of property by government are not violations of due process so long as post[-]deprivation remedies are available including a lawsuit for damages." Mot. to Dismiss. at 3-4 (doc. 8).

*1. Procedural Due Process*

42 U.S.C. § 1983 provides a remedy to persons whose constitutional rights, including property and due process, are violated by the policy or custom of a municipality. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). For section 1983 purposes, municipal policy includes a policy promulgated by a local government's legislative body, a choice among alternatives by a municipal official with final decision-making authority, or the ratification of a decision of a subordinate by a municipal official with final decision-making authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Municipal customs include permanent and well-settled municipal practices, but not random or isolated instances of misconduct. *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996). A section 1983 claim against a municipal defendant must identify "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

The Supreme Court provides a two-step test to identify violations of procedural due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428-29 (1982). First, a plaintiff must allege an injury to a protected property interest, the hallmark of which is "an individual entitlement grounded in state law which cannot be removed except 'for cause.'" *Id.* at 430 (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11-12 (1978)). Second, "the State may not finally destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement." *Id.* at 434. A plaintiff may show inadequate process in two ways: by alleging an official procedure provided an inadequate opportunity to present a claim of entitlement, *Mathews v. Eldridge*, 424 U.S. 319, 345 (1976), or by alleging a state official violated the protected property interest with a random and unauthorized action for which the state provides no adequate remedy, *Zimmerman v. City of*

Page 7 - OPINION AND ORDER

*Oakland*, 255 F.3d 734, 738-39 (9th Cir. 2001) (citing *Zinermon v. Burch*, 494 U.S. 113 (1990)).

Plaintiff's dog is clearly a property interest with an anchor in state law. *See* Or. Rev. Stat. § 609.020 (declaring dogs to be personal property). Turning to *Logan*'s second step, plaintiff's complaint characterizes the "defendant City's refusal to comply with a state court's valid order" as the alleged violation. Compl. ¶ 20. The complaint does not identify a procedure to be challenged, rendering a *Mathews* analysis impossible. Neither does plaintiff allege state remedies to be inadequate. These two omissions in combination are fatal to plaintiff's procedural due process claim. Because plaintiff's procedural due process claim fails to challenge a particular procedure or allege a state remedy to be inadequate, the claim must be dismissed.[2]

### 2. *Other Possible Claims*

Section 1983 authorizes suits "for state officials' violation of [many of the specific protections defined in the Bill of Rights]" as well as "certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon*, 494 U.S. at 125 (internal quotations omitted). Plaintiff generally alleges defendant's actions interfere with her Fourth and Fifth Amendment rights. Compl. ¶ 21. These passing references to constitutional rights are of the "unadorned, the-defendant-unlawfully-harmed-me" variety foreclosed by modern pleading standards. *Iqbal*, 556 U.S. at 678.

---

[2] In her Response to the Motion to Dismiss, plaintiff argues that exhaustion is not necessary to bring a federal civil rights claim because "*substantive* due process is violated at the moment harm occurs." Doc. 10 at 3 (emphasis added). This argument is unavailing for two reasons. First, the issue is not whether state remedies were exhausted, but whether plaintiff alleged those remedies are inadequate. Second, plaintiff's complaint does not allege a substantive due process violation. Should plaintiff elect to amend her complaint, any claims of substantive due process must be clearly distinguished from any claims of procedural due process.

Case 6:16-cv-00435-AA    Document 15    Filed 08/03/16    Page 9 of 9

3. *Leave to Amend*

When a motion to dismiss is granted, this Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir 2000) (en banc) (internal quotation marks and citations omitted). Because I cannot conclude no other facts would cure plaintiff's claim, she may amend her complaint. Although plaintiff should timely file any amended complaint, it likely will be necessary to stay further proceedings in this action pending the outcome of the ongoing state proceeding.

## CONCLUSION

Defendant's motion to dismiss (doc. 8) is GRANTED. Plaintiff is granted leave to amend her complaint to comply with Fed. Rule of Civ. Proc. 8(a).

IT IS SO ORDERED.

Dated this 3 day of ~~July~~ August, 2016.

_____
Ann Aiken
United States District Judge

Page 9 - OPINION AND ORDER