IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SILVIA LEE MILBURN, | Case No. 6:16-cv-00435-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CITY OF LEBANON, a municipality, | |
| Defendant. | |

AIKEN, Judge:

Plaintiff Silvia Lee Milburn brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 against defendant City of Lebanon. Defendant permitted plaintiff's dog to be adopted by a new owner before plaintiff's conviction for animal abuse was final on appeal. Plaintiff, who has since been acquitted, contends that the forfeiture of her dog violated her right to procedural due process. Defendant now moves to dismiss the Second Amended Complaint for failure to state a claim. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

In September 2013, a Lebanon police officer removed plaintiff's dog, Sam, from plaintiff's possession. Second Am. Compl. ¶ 7 (doc. 21). Plaintiff was later convicted of animal abuse in Lebanon Municipal Court. *Id.* ¶ 12. As part of plaintiff's sentence, the municipal court judge ordered that the dog would be released to Linn County Animal Control for adoption. Warren Decl. Ex. 5 at 6 (doc. 9-1). The dog was adopted by a new owner with the assistance of Safe Haven Humane Society. Second Am. Compl. ¶¶ 19–20; Warren Decl. Ex. 5 at 31.

Meanwhile, plaintiff appealed her conviction to Linn County Circuit Court, where a jury acquitted her on all charges.[1] Warren Decl. Ex. 5 at 9. After the acquittal, plaintiff filed a motion for return of property, and the circuit court ordered defendant to return the dog. *Id.* at 28. Defendant has not complied with that order, which is now on appeal in state court. Warren Decl. Ex. 4.

Plaintiff then filed this action. This Court granted defendant's motions to dismiss the initial complaint and First Amended Complaint. *See Milburn v. City of Lebanon*, — F. Supp. 3d —, 2016 WL 6908100 (D. Or. Nov. 21, 2016); *Milburn v. City of Lebanon*, 2016 WL 4163551 (D. Or. Jul. 3, 2016). In the now-operative Second Amended Complaint, plaintiff argues that by permitting the dog to be adopted by a new owner before her conviction was final on appeal and without additional safeguards similar to those present in civil forfeiture proceedings, defendant deprived her of her property without due process of law. Second Am. Compl. ¶¶ 43–44. Defendant now moves to dismiss the Second Amended Complaint for failure to state a claim.

---

[1] Oregon law provides criminal defendants in some municipal courts, including defendant's, a right to appeal to county circuit court. Or. Rev. Stat. § 221.359. The county court trial is a *de novo* proceeding. *City of Eugene v. Smyth*, 243 P.3d 854, 857 (Or. Ct. App. 2010).

## STANDARDS

When considering a motion to dismiss, a court construes a complaint in favor of the plaintiff and takes all factual allegations as true. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

## DISCUSSION

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken deprivation or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

It is undisputed that plaintiff has a property interest in the dog. *See* Or. Rev. Stat. § 609.020 (declaring dogs to be personal property). The question is whether she has alleged denial of adequate procedural protections in connection with the deprivation of that interest. "The base requirement of the Due Process Clause is that a person deprived of property be given an

opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brewster*, 149 F.3d at 984 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether the process afforded was adequate, courts weigh three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff asserts that until her conviction was final on appeal, defendant should not have taken action that would permanently deprive her of the dog without affording her additional process. She cites several Oregon statutes as examples of the sort of additional process defendant could have provided. Construing the complaint in plaintiff's favor, the Second Amended Complaint adequately states a procedural due process claim.[2]

Oregon law contains both criminal and civil forfeiture statutes. *See* Or. Rev. Stat. § 131.582 (describing the process for criminal forfeiture); *id.* § 167.347 (providing for the civil forfeiture of impounded animals when certain animal-abuse charges have are pending).

---

[2] Plaintiff also argues that the municipal court lacked jurisdiction to order her to forfeit the dog and that defendant had the "legal obligation" to return the dog to her as soon as she filed her appeal in circuit court. *Id.* ¶¶ 13–14. The extent of a court's jurisdiction is, of course, partly determined by the limits of due process. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879–80 (2011). Because defendant's motion to dismiss can be resolved on other grounds and because plaintiff made this precise argument in the appeal pending before the Oregon Court of Appeals, however, I express no opinion on the viability of such a claim here. *See Milburn*, 2016 WL 4163551 at *1–*2 (explaining that abstention is warranted in this case pursuant to the three factors set out in *Middlesex County Ethics Commission v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Defendant never initiated forfeiture proceedings with respect to the dog.[3] Instead, the forfeiture was imposed as part of plaintiff's municipal-court sentence. It is undisputed that a forfeiture order may be a valid part of a criminal sentence in an animal abuse case. Or. Rev. Stat. § 167.350(1); *State v. Branstetter*, 29 P.3d 1121, 1125 (Or. 2001). But it is also hornbook law that when a conviction is overturned on appeal, the entire sentence — including the forfeiture provision — must be vacated. *See United States v. Rains*, — F. App'x —, 2017 WL 24638, at *2 (9th Cir. Jan. 3, 2017) (unpublished). The parties have cited no case law, in this jurisdiction or elsewhere, addressing whether the due process clause permits the forfeiture portion of a sentence to be executed while an appeal is still pending and without providing additional forfeiture process.

It may be that the due process clause required additional procedural safeguards here for two reasons. First, it is generally recognized that "pets have a value in excess of that which would ordinarily attach to property, because unlike other forms of personal property, they are not fungible." *McDougall v. Lamm*, 48 A.3d 312, 324 (N.J. 2012). In the context of the *Mathews* analysis, when the property interest at issue is a pet, the first factor weighs more heavily in favor of additional procedural safeguards. Second, plaintiff's appeal was atypical because it triggered a right to a *de novo* jury trial at which she enjoyed the presumption of innocence. Under *Mathews*, that fact increased the likelihood of an erroneous deprivation more than a typical appeal would have done, because acquittal at a new trial (where the government must prove the

---

[3] Although Or. Rev. Stat. § 131.582 expressly contemplates foreclosure proceedings initiative by a city attorney, Or. Rev. Stat. § 167.347 does not reference municipalities. Plaintiff does not argue that defendant was bound to follow section 167.347, but contends that defendant could have implemented similar procedures pursuant to its authority under the City of Lebanon code.

charges beyond a reasonable doubt) is more likely than reversal on appeal (where the reviewing court typically applies a deferential standard of review.)

I do not decide today that the due process clause required more process than was offered. Without any sort of evidentiary record, I am unable to consider countervailing interests that might weigh in favor of fewer procedural protections. I merely decide that, at this stage, I am unable to dismiss plaintiff's due process claim as a matter of law. *Cf. Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1275–76 (D. Or. 2014) (holding that the plaintiff had adequately stated a due process claim with respect to his placement on a government "no fly" list but that "substantial development of the record" was required before that claim could be resolved on the merits).

Defendant argues that plaintiff's procedural due process rights cannot have been violated because "the dog was forfeited pursuant to a criminal judgment after [plaintiff] received the pinnacle of all process — a jury trial." Def.'s Mot. Dismiss (Third) at 7 (doc. 23). More specifically, defendant contends that because plaintiff was convicted in municipal court using the beyond-a-reasonable-doubt burden of proof, she would not have benefited from additional procedures such as those in Or. Rev. Stat. § 167.347, which imposes a far lower probable-cause burden of proof. But the jury trial focused on plaintiff's guilt or innocence of the charges, not on what would happen to the dog before plaintiff's conviction was final. Moreover, defendant ignores a critical component of Or. Rev. Stat. § 167.347. Under that law, if the judge finds that there is probable cause to support forfeiture of an impounded animal, the defendant must be given the opportunity to post a bond "in an amount determined by the court to be sufficient to repay all reasonable costs incurred, and anticipated to be incurred, by the petitioner in caring for the animal from the date of the initial impoundment to the date of trial." Or. Rev. Stat. § 167.347(3); *see also State v. Branstetter*, 45 P.3d 137, 141 (Or. Ct. App. 2002) (Armstrong, J.,

concurring) (stating that because the plaintiff had been afforded the opportunity to post a bond he had the financial means to pay, he was precluded from arguing that his due process rights were violated by the absence of a provision for getting the forfeited property back after he was acquitted of animal abuse). Plaintiff never was given the opportunity to pay the cost of the dog's care in order to preserve her ability to get the dog back if she were acquitted on appeal. A jury could conclude that defendant should have known that the failure to provide such an opportunity here increased the risk of erroneous deprivation to a constitutionally intolerable level.

Defendant also contends that plaintiff's claim fails as a matter of law because she has not alleged facts from which a jury could infer that defendant was deliberately indifferent to plaintiff's constitutional rights. Def.'s Mot. Dismiss (Third) at 3. When a plaintiff alleges municipal liability under section 1983, the "first inquiry" is whether the constitutional violation arises from a "municipal custom or policy." *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1978)). Such a policy must be a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)). In addition to identifying a "custom or policy, attributable to the municipality, that caused [the] injury," the plaintiff "must also demonstrate that the custom or policy was adhered to with deliberate indifference" to constitutional rights. *Id.* (quoting *City of Canton*, 489 U.S. at 392).

The allegations in the complaint, if proven, could support findings of both official policy and deliberate indifference. In the procedural due process context, "deliberate indifference" can mean that the failure to provide additional procedural protections created an obvious risk of an

Page 7 – OPINION AND ORDER

erroneous deprivation of property. Here, even after plaintiff was convicted and sentenced in municipal court, she had a statutory right to a *de novo* jury trial at which she enjoyed the presumption of innocence. A factfinder could conclude that under those unique circumstances, defendant was deliberately indifferent to plaintiff's property rights when, pursuant to official policy, it executed the terms of plaintiff's municipal-court sentence before her circuit-court trial was complete.

Finally, defendant avers that Or. Rev. Stat. § 133.633 provided plaintiff all the additional process she was due. That statute, which governs motions for return of property, provides that an individual "from whose person, property or premises things have been seized may move the appropriate court to return things seized to the person or premises to which they were seized." Or. Rev. Stat. § 133.633(1)(a). Defendant faults plaintiff for failing to comply with the statute's time limit, which states that the motion is to be filed "[w]ithin 90 days after actual notice of any seizure." *Id.* § 133.633(1). Defendant further contends that, notwithstanding that failure, plaintiff "was still afforded" the "benefit" of the statute. Def.'s Mot. Dismiss (Third) at 6.

Dismissing this lawsuit on those grounds would be positively Kafkaesque. First, plaintiff does not dispute that the police officer had the legal authority to seize her dog while the criminal charges were pending or that probable cause supported those charges. It is therefore nonsensical to suggest that she should have filed a motion for return of property within the ninety-day time limit here, because any such pretrial motion would have been denied. *See EEOC v. Pan American World Airways, Inc.*, 897 F.2d 1499, 1509 n.12 (9th Cir. 1990) ("Whatever due process may require, it certainly does not require a futile act."). Second, defendant cannot seriously contend that plaintiff has received the "benefit" of section 133.633. The benefit of that law is the return of property. Plaintiff does not have her property back; she has a court order

with which defendant has not complied. Indeed, it may well be that defendant *cannot* comply; it appears defendant does not know who the dog's new owner is, and even if defendant did know, it is unclear what legal authority it would have to take the dog back at this juncture.

Because plaintiff's Second Amended Complaint states a procedural due process claim, defendant's motion to dismiss must be denied.

## CONCLUSION

Defendant's Motion to Dismiss (Third) (doc. 23) is DENIED.

For the reasons set forth in the opinion and order granting defendant's first motion to dismiss, all proceedings in this case are STAYED pending the Oregon courts' final resolution of *City of Lebanon v. Milburn*, CA A160515, which is currently pending before the Oregon Court of Appeals. *See Milburn*, 2016 WL 4163551 at *2. A joint status report is due six months after the date of this opinion or thirty days after a decision is issued in the state-court case, whichever is earlier.

IT IS SO ORDERED.

Dated this 16th day of May 2017.

Ann Aiken
United States District Judge